IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | |
| JOY SAIF CHOUDHURY, | * | CRIMINAL NO. 21-MJ-0686-GLS |
| | * | |
| Defendant. | * | |
| | * | |

*******

<u>UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE ORDERS TOLLING TIME UNDER THE SPEEDY TRIAL ACT AND TO DISMISS THE COMPLAINT WITH PREJUDICE</u>

The United States of America, by its attorneys, Erek L. Barron, United States Attorney for the District of Maryland, and G. Michael Morgan, Jr. Assistant United States Attorney for said District submits this Memorandum in Opposition to Joy Saif Choudhury's (the "Defendant") Motion to Vacate Orders Tolling Time Under the Speedy Trial Act and to Dismiss the Complaint with Prejudice (ECF 22).

**I.      Procedural Background**

On March 11, 2021, the Defendant was charged by criminal complaint with violating 18 U.S.C. § 201(c)(1)(B) (Receipt of a Gratuity by a Public Official). (ECF No. 1). On March 12, 2021, the Defendant had his initial appearance on the charge and was ordered released on conditions. (ECF Nos. 6, 8.) The Court also scheduled a Preliminary Hearing for April 2, 2021. On March 30, 2021, the Court granted the parties' Consent Motion to Toll Speedy Trial Act Clock and Postpone Preliminary Hearing which tolled the time until June 1, 2021 and postponed the preliminary hearing. (ECF No. 14.) On June 3, 2021, the Court granted the parties' Consent Motion to Toll Speedy Trial Act Clock and Postpone Preliminary Hearing which tolled the time to August 2, 2021 and postponed the preliminary hearing. (ECF No. 18.) On October 17, 2022,

1

the Court granted the parties' Consent Motion to Toll Speedy Trial Act Clock and Postpone Preliminary Hearing which tolled the time until December 30, 2022 and postponed the preliminary hearing. (ECF No. 20.)

**II.     Argument**

Defendant first argues that there is a violation of the Speedy Trial Act ("STA"). As detailed below, he is wrong, and his motion should be denied.

Pursuant to the STA, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Section 3161(h) sets forth specific periods of time that "shall be excluded . . . in computing the time within which the trial of any . . . offense must commence." 18 U.S.C. § 3161(h).

One well-recognized ground for exclusion is any period of time the parties spend discussing a possible resolution or plea agreement. *United States v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014) (citing *United States v. Leftenant*, 341 F.3d 338, 342 (4th Cir. 2003)). An exclusion of time for engagement in plea negotiations falls under 18 U.S.C. § 3161(h)(1), *see Keita*, 742 F.3d at 188, and hence there is no need for a specific "ends of justice" finding under § 3161(h)(7). *United States v. Bourne*, 743 F.2d 1026, 1031 (4th Cir. 1984) (no special findings necessary when time is automatically excludable); *accord United States v. Saeku*, 436 F. App'x 154, 160 (4th Cir. 2011). Even though the orders in this case do include an "ends of justice" finding, it was unnecessary because the orders state that the parties' delay was to "discuss the possibility of a resolution" and that the parties were "attempting in good faith to reach a resolution and believe now that the new information is being addressed, the parties should be able to either reach an agreement, or otherwise proceed with the case." (See ECF Nos. 14, 18, 20.) Therefore, because

the time is automatically excludable under 18 U.S.C. § 3161(h)(1), no "ends of justice" finding was required and the bar on the type of *nunc pro tunc* "ends of justice" finding described in *United States v. Carey*, 746 F.2d 228 (4th 1984), is not implicated here.

Regardless, there was no Speedy Trial Act violation in this case.  The consent, or even the consultation, of the Defendant personally, is not required in order to toll time under the STA.  The Speedy Trial Act explicitly allows for continuances "at the request of the defendant *or his counsel*." 18 U.S.C.S. § 3161(h)(7) (emphasis added).  Accordingly, "in the ordinary course and within the confines of the STA exclusion provisions, defense counsel has the power to seek an STA continuance *without first informing his client or obtaining his client's personal consent*."  *United States v. Gates*, 709 F.3d 58, 66 (1st Cir. 2013) (following, *e.g.*, *United States v. Bryant*, 134 F.3d 364 (4th Cir. 1998) (unpublished table disposition) [published in full-text format at 1998 U.S. App. LEXIS 1408], 1998 WL 39393, at *3 (4th Cir. 1998)) (emphasis added); *see also, e.g.*, *New York v. Hill*, 528 U.S. 110, 115 (2000) (noting, in the context of a waiver under the Interstate Agreement on Detainers, that "[s]cheduling matters are plainly among those for which agreement by counsel generally controls," that "'the lawyer has—and must have—full authority to manage'" matters including the conduct of a trial, and that "[a]bsent a demonstration of ineffectiveness, counsel's word on such matters is the last"); *United States v. Gadsden*, No. WDQ-11-0302, 2013 U.S. Dist. LEXIS 100646, at *3-4 n.2 (D. Md. July 17, 2013) (following these cases and rejecting a *pro se* motion to dismiss a case for STA violations, including after "[a]ppointed counsel consented to the motion" to exclude time in the first instance); *United States v. Oxendine*, No. 1:13CR00036-004 (JPJ), 2016 U.S. Dist. LEXIS 109135, at *8-9 (W.D. Va. Aug. 17, 2016) (following *New York v. Hill* in approving defense counsel's requests for additional time).  *Cf. Henry v. Va. Dep't of Corr.*, No. 3:17CV03 (HEH), 2018 U.S. Dist. LEXIS 29826, at *19 (E.D. Va. Feb. 23, 2018) (reasoning,

following *New York v. Hill*, that "the Supreme Court of the United States held that defendant's counsel could waive defendant's speedy trial rights under the IAD if she agreed to a court date outside of the time deadline.  Since [Henry's] counsel agreed to the [] court date, [Henry's] speedy trial rights were waived").  Furthermore, any time that the motions postponing the preliminary hearing were pending also tolled time under 18 U.S.C. § 3161(h)(1)(D).  In sum, no period of the 30-day period has yet expired.

Likewise, Defendant's additional argument regarding supposed ineffective assistance of counsel is unfounded.  Indeed, in the context where such questions usually arise, courts very regularly reject defendants' claims of ineffective assistance of counsel based on counsel's having waived the Speedy Trial Clock without the defendant's consent or in a manner the defendant says he did not prefer.  *E.g.*, *Stewart v. United States*, No. 5:14-CR-90-FL-1 (LWF), 2017 U.S. Dist. LEXIS 110347, at *4-6 (E.D.N.C. July 17, 2017) (rejecting an ineffectiveness claim with the observation that "[i]t was reasonable for petitioner's trial counsel to have waived speedy trial concerns at [a telephone scheduling conference]" because, in that case, "the government had a pending motion"); *Olaniyi v. United States*, No. 4:13-CR-72-BR, 2016 U.S. Dist. LEXIS 3114, at *22-23 (E.D.N.C. Jan. 11, 2016) (rejecting such a claim and noting that "even if petitioner did not consent to the motions . . ., petitioner suffered no prejudice as a result"); *Derring v. United States*, No. 3:14-cv-14-RJC, 2015 U.S. Dist. LEXIS 100627, at *9 (W.D.N.C. July 31, 2015) (rejecting a claim of ineffectiveness for waiving a defendant's speedy trial rights where "Petitioner's counsel sought one continuance to review discovery and complete additional research and investigation, and this Court ordered another continuance to hear and rule on the motion to suppress"); *Delgado-Salinas v. United States*, No. 1:11cr281 (JCC), 2014 U.S. Dist. LEXIS 8546, at *11-12 (E.D. Va. Jan. 23, 2014) (finding that "[c]ounsel's alleged failure to obtain Petitioner's consent before

waiving the speedy trial deadlines is insufficient to sustain a claim of ineffective assistance"); *United States v. Jamison*, Nos. 4:05-cr-00025 (JPJ), 4:08-cv-80030 (JPJ), 2008 U.S. Dist. LEXIS 41544, at *14 n.6 (W.D. Va. May 27, 2008) ("Because counsel's decision to agree to a continuance is a tactical matter, I find that counsel's actions were not unreasonable nor was petitioner prejudiced.") (same) (citing *Epperson v. Angelone*, No. 01-CV-462 (JLK), 2002 WL 32632095, at *6 (W.D. Va. Sept. 20, 2002), *aff'd*, 53 F. App'x 719 (4th Cir. 2003) (per curiam) (citing *Fitzgerald v. Thompson*, 943 F.2d 463 (4th Cir. 1991) (classifying certain decisions as tactical for purposes of habeas review and finding no prejudice))); *Smith v. United States*, Nos. 5:03-CR-195-FL (LWF), 5:07-CV-83-FL (LWF), 2007 U.S. Dist. LEXIS 78272, at *8 (E.D.N.C. Oct. 17, 2007) (rejecting such a challenge with the observation that "the evidence in the records demonstrates that it was reasonable for petitioner's counsel to agree to a continuance because he recently had obtained discovery and was involved in plea negotiations").

Even if there had actually been a Speedy Trial Violation, it would not warrant dismissal with prejudice in any case. Neither remedy—dismissal with prejudice or without prejudice—is presumptive. *See United States v. Taylor*, 487 U.S. 326, 334-35 (1988). "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice. 18 U.S.C. 3162(a)(1). This case is serious. The Defendant was a Branch Chief for the U.S. Census Bureau. He assisted the victim with obtaining employment then extorted monetary payments from him in order to maintain that employment. "In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay." *United States v. Cano-Silva*, 402 F.3d 1031,

1036 (10th Cir. 2005). What led to the delay in this case was the discovery of additional unrelated criminal conduct and a desire to attempt to resolve the underlying case and the new criminal conduct via a negotiated agreement. Early in this case, it became apparent that there was clear evidence that the Defendant engaged in criminal activity related to government contracting fraud that was unrelated to the conduct charged in the criminal complaint. The exclusion of time was eminently appropriate in this case given the goal of reaching a global resolution of two cases, rather than indicting the Defendant twice on two separate indictments and then proceeding through the criminal process to either resolve both cases or go to trial (to that end the Government had offered to provide a "reverse proffer" to the Defense regarding the new criminal conduct). Being unnecessarily indicted twice, rather than attempting to reach a global resolution, as prior counsel was attempting to do on his client's behalf, would not only be obviously inefficient but would clearly result in additional potential jeopardy for the Defendant. Had defense counsel believed it was in his client's interest to be indicted in two cases rather than attempting to reach a non-trial resolution, he could have indicated as much, and the Government could have proceeded to trial at that time on at least the first case, while preparing the second for indictment. Now that the Government has learned that the Defendant is not interested in a global resolution, it can proceed in the normal fashion with both cases.

      Defendant also argues that his rights under the Sixth Amendment were violated. For the reasons below, none of the delay rises to the level of a violation of the Sixth Amendment. Indeed, "[t]o establish a constitutional violation of the right to a speedy trial, a petitioner must establish the following: (1) that the delay was uncommonly long; (2) that the reason for the delay was unreasonable; (3) that the defendant asserted his right to a speedy trial; and (4) that prejudice resulted to the defendant." *Smith*, 2007 U.S. Dist. LEXIS 78272, at *7 (citing *Barker v. Wingo*,

407 U.S. 514, 530 (1972)); *Gadsden*, 2013 U.S. Dist. LEXIS 100646, at *3 (same). In this analysis, it is not enough simply to request a speedy trial; "[t]he defendant must establish that 'on balance, [the factors] weigh in his favor.'" *Wackman v. United States*, No. 11-cr-0889 (WDQ), 2011 U.S. Dist. LEXIS 132667, at *11-12 (D. Md. Nov. 16, 2011) (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)) (alteration in original).

Given prior counsel's apparent trial schedule and the desire to resolve two cases for the Defendant, the delay was not uncommonly long. Similarly, the reason for the delay was not unreasonable and was clearly desired by prior counsel precisely *for the benefit* of his client. The delay was not due to an attempt by the Government to gain any kind of tactical advantage. Third, not only is the Defendant just now apparently asserting his desire for a speedy trial, it was affirmatively waived via the three aforementioned consent motions. Fourth, there is simply no prejudice to the Defendant—especially since he has not been detained and is not in more legal jeopardy now than he would have been otherwise.

Therefore, the Defendant's Motion to Dismiss fails on each argument raised and should be denied. If, however, the Court grants the motion, the case should be dismissed *without* prejudice.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
G. Michael Morgan, Jr.
Assistant United States Attorney

Digitally signed by GARY MORGAN
Date: 2022.12.30 21:46:33 -05'00'

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system on December 30, 2022, which will send notification of such filing to all counsel of record.

_____/s/_____
G. Michael Morgan, Jr.
Assistant United States Attorney