THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   Criminal No. 8:21-MJ-0686-GLS-1 |
| | * |
| **JOY SAIF CHOUDHURY,** | * |
| *Defendant.* | |

**DEFENDANT'S REPLY TO GOVERNMENT'S MEMORANDUM IN OPPOSITION**

Joy Saif Choudhury, by and through undersigned counsel, respectfully files this reply to the government's memorandum in opposition. In support of this reply, Mr. Choudhury submits the following.

**ARGUMENT**

**I.   DISMISSAL WITH PREJUDICE FOR VIOLATION OF THE SPEEDY TRIAL ACT**[1]

Under the Speedy Trial Act ("STA"), there are periods which are automatically excludable, *see* 18 U.S.C. § 3161(h)(1), and periods which can only be excluded pursuant to a court's "ends of justice" finding paired with a clear and careful articulation on the record of each statutory factor and their effect, *see* 18 U.S.C. § 3161(h)(7); ECF No. 22 at 5-6. The government appears to concede that the Court's reliance on an "ends of justice" finding in its first two (2) orders in Mr. Choudhury's case would be inadequate here. *See* ECF No. 24 at 2. As explained in Mr. Choudhury's Motion, Mr. Choudhury agrees.[2] *See* ECF No. 22 at 5-9; *see also* EFC No. 22 at 6-9

---

[1] Mr. Choudhury agrees that the time between the filing of a pretrial motion and the Court's entry of an order is likely tolled, pursuant to Section 3161(h)(1)(D).

[2] Especially as it relates to the third order, which includes an explicit "ends of justice" finding, for the reasons set forth herein and in his initial pleading, Mr. Choudhury does not agree with the government's position that the bar against *nunc pro tunc* continuances does not apply in this case. *See* ECF No. 22 at 5-9; ECF No. 24 at 3. Relatedly, because the government failed to contest Mr. Choudhury's position that (1) the United States Supreme Court in *Zedner v.*

(discussing well-settled principles that retroactive "ends of justice findings" are impermissible, that *nunc pro tunc* continuances granted after the expiration of the time prescribed by the STA are invalid and not harmless error, and that the defendant and/or defense counsel may not prospectively waive the application of the STA).

Mr. Choudhury also agrees with the government that a commonly cited basis for exclusion of time under the STA is time needed for parties to discuss plea negotiations. However, the time for informal plea negotiations is not automatically excludable under the STA.[3] The appropriate avenue to exclude time for informal plea negotiations is through the "ends of justice" exclusion.[4]

---

*United States*, 547 U.S. 489, 490 (2006), bars defendants and/or defense counsel from prospectively waiving the application of the STA, and (2) there is a bar against retroactive "ends of justice" findings generally, the government has waived response arguments on those issues. Mr. Choudhury therefore requests that the two (2) respective uncontested arguments be deemed concessions by the government.

[3] *See United States v. White*, 920 F.3d 1109, 1113 (6th Cir. 2019) ("Just as the Supreme Court held that the time a court grants to a party to prepare pretrial motions is not automatically excludable, the same is true for preindictment plea negotiations."); *United States v. Mathurin*, 690 F.3d 1236, 1241 (11th Cir. 2012) (citations omitted) ("According to the Supreme Court, when the category of delay at issue is 'governed by' one of § 3161(h)(1)'s eight subparagraphs, a court must look only to that subparagraph to see if the delay is automatically excludable. In other words, the 'including but not limited to' clause of § 3161(h)(1) does not modify the contents of the enumerated subcategories themselves."); *United States v. Alvarez-Perez*, 629 F.3d 1053, 1058 (9th Cir. 2010) (holding that plea negotiations do not trigger automatic exclusion); *United States v. Lucky*, 569 F.3d 101, 107 (2d Cir. 2009) ("Section 3161(h)(1) covers 'other proceedings,' which usually denotes formal judicial processes. The nonexclusive list of examples given in that section includes formal processes over which the parties have no direct control. Plea negotiations, however, are informal discussions between the parties and are directly controlled by the parties, not the court. Therefore, plea negotiations do not fit comfortably into the "other proceedings" language of section 3161(h)(1)."); *Tyson v. United States*, No. 3:20-CV-00321, 2020 WL 5513779, at *2 (M.D. Tenn. Sept. 14, 2020) (citing *United States v. White*, 920 F.3d 1109, 1113 (6th Cir. 2019)) (asserting that the Sixth Circuit held that the Circuit's rule allowing for automatic exclusion for plea negotiations was abrogated by the U.S. Supreme Court in an opinion on an analogous issue); *Sutter v. United States*, No. 8:14-CV-939-T-26MAP, 2014 WL 6611029, at *4 (M.D. Fla. Nov. 21, 2014) (concluding that the time to determine whether to cooperate was not automatically excludable); *see also Zedner*, 547 U.S. at 490.

[4] *See United States v. Villalobos*, 560 F. App'x. 122, 124-25 (3d Cir. 2014) (citation omitted) (relying on "ends of justice" finding and record to exclude time for plea negotiations; not mentioning automatic exclusion); *United States v. Cunningham*, 393 F. App'x. 403, 405 (7th Cir. 2010) ("[T]he district court properly invoked the 'ends of justice' exception . . . to exclude the time from Cunningham's arraignment . . . for preparation of pretrial motions, for plea negotiations, and for new attorneys to familiarize themselves with Cunningham's cases."); *United States v. Holmes*, No. 1:20-CR-58-2, 2021 WL 1979338, at *2 (S.D. Ohio May 18, 2021) (treating plea negotiations as a "ends of justice" issue; not mentioning automatic exclusion); *see also United States v. Martin*, 425 F. Supp. 3d 640, 645 (S.D.W. Va. 2019) (declining to allow the government to retroactively request exclusion of time negotiating a plea, even when the government cited cases holding that ends of justice continuances may be appropriate for plea negotiations).

In fact, the government's consent motions and proposed orders relied solely on the ends of justice provision. *See* ECF No. 13; ECF No. 14; ECF No. 17; ECF No. 18; ECF No. 19; ECF No. 20.

In support of its argument that plea negotiations are automatically excludable pursuant to Section 3161(h)(1), the government cites *United States v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014). In *Keita*, 742 F.3d at 188, the court solely relies on *United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003), for the premise that "[the Fourth Circuit] ha[s] interpreted 'other proceedings' to include plea negotiations." However, the court in *Leftenant*, 341 F.3d at 344-45, relies on holdings unrelated to plea negotiations, *see United States v. Arellano-Rivera*, 244 F.3d 1119, 1123 (9th Cir. 2001) (excluding delay attributable to a subsequent case initiated by the filing of an information in the subsequent case); *United States v. Lopez-Osuna*, 242 F.3d 1191, 1197-98 (9th Cir. 2000) ("We therefore hold with respect to the indictment in our case on appeal . . . that the pendency of the information [under another case number] was an "other proceeding" for purposes of the Act.").

Of additional significance, the holding in *Leftenant*, 341 F.3d at 344-45, predates the United States Supreme Court's holding in in *Zedner*, 547 U.S. at 490 ("[T]he [Speedy Trial] Act demands that continuances fit within one of § 3161(h)'s specific exclusions.").

As previously alluded to in cases cited herein, *Zedner* completely transformed the construction of Section 3161(h), including in the circuits that *Leftenant* relies on. To this point, since the holding was rendered in *Leftenant*, 341 F.3d at 344-45, both the Sixth Circuit and the Ninth Circuit have held that informal plea negotiations are not automatically excludable, *see White*, 920 F.3d at 1113 (holding that informal plea negotiations are not automatically excludable, as they do not specifically fit within one of the exclusions in Section 3161(h)(1);abrogating *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987), on which *Leftenant* relies); *Alvarez-Perez*, 629 F.3d

at 1058 (holding that informal plea negotiations are not automatically excludable; overturning *United States v. Lopez-Osuna*, 242 F.3d 1191 (9th Cir. 2000), and *United States v. Arellano-Rivera*, 244 F.3d 1119 (9th Cir. 2001), on which *Leftenant* relies). Additionally, in the wake of *Zedner*, The Seventh Circuit has applied the "ends of justice" exclusion in instances where informal plea negotiations cause the delay, *see Cunningham*, 393 F. App'x. at 405, and various courts have recognized that the list set forth in Section 3161(h)(1) is exclusive/exhaustive, contrary to the court's position in *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987), on which *Leftenant*, 341 F.3d at 344-45, relies.

Because time for informal plea negotiations is not automatically excludable, given the facts in this case, it was only appropriate for the Court to consider such negotiations under the "ends of justice" exclusion. However, as a result of the rules barring retroactive "ends of justice findings," untimely *nunc pro tunc* orders, prospective waivers of the STA's application by the defendant and/or defense counsel, and "ends of justice" orders without an "ends of justice" finding and record, the STA has been violated and, therefore, dismissal is required. *See* EFC No. 22 at 6-9; 3 U.S.C. § 3161(b); *United States v. Martin*, 425 F. Supp. 3d 640, 642-43 (S.D.W. Va. 2019); *United States v. Cherry*, 720 F.3d 161, 165 (4th Cir. 2013). As set forth in Mr. Choudhury's previous filing and throughout his current filing, despite the government's contention to the contrary, dismissal with prejudice is the only appropriate course of action in Mr. Choudhury's case.

## II.   DISMISSAL WITH PREJUDICE FOR VIOLATION OF THE CONSTITUTIONAL RIGHT TO SPEEDY TRIAL[5]

The government begins its argument with the statement that "it is not enough to simply request speedy trial." ECF No. 24 at 7. Throughout its argument, the government fails to address the quintessential role it must play in each criminal case. For example, whether or not a plea negotiation transcends into a written plea offer is ultimately up to the government. The government's failure to move with urgency in prosecuting a case cannot be attributed to a defendant; the defendant is in a reactionary posture. *See United States v. Tigano*, 880 F.3d 602, 615 (2d Cir. 2018) (citation omitted) ("Initial plea negotiations consumed approximately one year, which we have held is time that must be counted against the government."); *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 378 (2d Cir. 1979) ("Good faith plea negotiations by a defendant should not be equated to a waiver of speedy trial rights, and, under the circumstances, the government must assume responsibility for the risk of institutional delays where the bargain ultimately is unsuccessful."). Indeed, it is the government's duty to bring a defendant to trial and to ensure that the trial is consistent with due process. *See* ECF No. 22 at 18 (citations omitted).

When the government does not move with urgency, various forms of prejudice can and do ensue. It is an unfortunate fact of our criminal justice system that the government can and does bring criminal charges against completely innocent people. The stigma that attaches to a criminal defendant of any sort, but especially one charged with a federal felony, is devastating to all facets of that person's life. Underlying the principle that all defendants are innocent until proven guilty

---

[5] The government failed to provide a detailed response to Mr. Choudhury's argument that he did not waive and could not be expected to assert his right to speedy trial under the circumstances in this case and based on the cited case law. *See* ECF No. 22 at 14-15. Mr. Choudhury therefore asks the Court to treat his argument on this issue as conceded to by the government.

5

beyond a reasonable doubt are the procedural and substantive protections that ensure the expeditious resolution of a criminal case.

Despite these protections, for over 300 days, Mr. Choudhury has been stigmatized; the stigma will only continue to grow as he remains charged. Mr. Choudhury has been removed from his job with the federal government unless and until there is a favorable resolution in his case. He has been riddled with unshakeable and crippling stress and anxiety, which has been further exacerbated by a troubling medical diagnosis. Mr. Choudhury hopes that the individuals and records he needs to effectively investigate and to otherwise defend himself and to clear his name will still be available to him when and if he proceeds to trial. Each day that passes in his case prejudices Mr. Choudhury. The government's position that Mr. Choudhury has not suffered any prejudice in this case is simply incorrect.

The extraordinary delay afforded no benefit to Mr. Choudhury. Regardless of the government's intention, delaying indictment only benefitted the government because it afforded the government the opportunity to investigate an additional potential criminal offense that it (1) did not have knowledge of or the opportunity to adequately investigate prior to filing the complaint in this case, and (2) would not have knowledge of or the opportunity to adequately investigate but for the tolling periods. *See* ECF No. 20 at 2-3. Additionally, as discussed in Mr. Choudhury's initial pleading, the detrimental decision to toll went directly against the decisive plan put in place by Mr. Choudhury, Mr. Bonsib, and Mr. Schertler, the attorney that Mr. Choudhury hired to specifically advance a speedy trial argument. Had Mr. Choudhury been able to move to dismiss on speedy trial grounds before Mr. Bonsib unilaterally consented to the third consent motion, Mr. Choudhury might legitimately be facing the possibility of only one federal felony charge.

Mr. Choudhury's Sixth Amendment right has been violated and dismissal with prejudice is the appropriate remedy.

### III.  DISMISSAL WITH PREJUDICE FOR INEFFECTIVE ASSISTANCE OF COUNSEL

In addressing Mr. Choudhury's ineffective assistance of counsel argument, the government fails to address the unique and egregious facts of this case. Instead, the government relies on a blanket statement that courts routinely reject ineffective assistance of counsel arguments for failure to obtain consent before waiving speedy trial. *See* ECF No. 24 at 4-5. The government's blanket argument and the cases it cites in support thereof do not meaningfully inform the discourse in this case. *See id.* Mr. Choudhury is not simply arguing that prior counsel was ineffective for failure to obtain consent. Mr. Bonsib's actions were not grounded in logic, strategy, or necessity and served only to prejudice d Mr. Choudhury. Dismissal with prejudice on ineffective assistance grounds is therefore appropriate.

### IV.  DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48

The government failed to address Mr. Choudhury's argument that the Court should dismiss the complaint in this case with prejudice pursuant to Federal Rule of Criminal Procedure 48.

### V.  DISMISSAL WITH PREJUDICE PURSUANT TO THE COURT'S SUPERVISORY POWER

As articulated in Mr. Choudhury's previous filing, the Court has broad discretion pursuant to its supervisory power to dismiss a case with prejudice where scheduling orders are not complied with or other misconduct results in prejudice to the defendant or a substantial risk thereof. *See* ECF No. 22 at 19-20 (citations omitted). Accordingly, dismissal with prejudice is appropriate here. *See id.*

## CONCLUSION

For the foregoing reasons, Mr. Choudhury requests that this Court vacates the orders tolling his rights under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, and dismiss with prejudice the criminal complaint.

Respectfully submitted,

_____/s/_____
David Benowitz
Bar No. 17672
*Counsel for Joy S. Choudhury*
Price Benowitz LLP
409 7th Street NW, Ste. 200
Washington, DC 20004
(202) 417-6000
David@PriceBenowitz.com

## CERTIFICATE OF SERVICE

I hereby certify that, on January 13, 2023, a copy of the above motion has been served via CM/ECF on the parties in this matter.

_____/s/_____
David Benowitz