*KOH*
GMM: USAO 2020R0528

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX23CR30 |
| | * | |
| JOY SAIF CHOUDHURY, | * | (Interference with Commerce by |
| | * | Extortion, 18 U.S.C. § 1951; |
| Defendant | * | Forfeiture, 18 U.S.C. § 981(a)(1)(C), |
| | * | 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

USDC- GREENBELT
'23 JAN 25 PM 4:13

*******

### INDICTMENT

### COUNT ONE
### (Interference with Commerce by Extortion)

The Grand Jury for the District of Maryland charges that:

### Introduction

At times relevant to this Indictment:

1. Defendant **JOY SAIF CHOUDHURY** ("**CHOUDHURY**") was a resident of Maryland.

2. **CHOUDHURY** was employed as a branch chief at the United States Census Bureau, a bureau of the United States Department of Commerce that engages in, amongst other things, conducting the U.S. Census.

3. Business 1 was an IT services corporation, based in Virginia, that conducted business in Maryland and elsewhere.

4. Business 2 was an IT systems integration organization, based in Maryland, that conducted business in Maryland and elsewhere.

5. Business 1 had a contract with the United States Census Bureau to perform IT services. Business 2 was subcontracted by Business 1 to assist in executing portions of the contract. **CHOUDHURY** was the Technical Point of Contact between the United States Census Bureau and Business 2.

6. Victim 1 was a resident of Maryland and, beginning in or about June 2019, was employed by Business 2.

## The Charge

7. Between in or about June 2019 through in or about May 2020, in the District of Maryland and elsewhere, the defendant,

**JOY SAIF CHOUDHURY,**

did knowingly and unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, and attempted to do so, as those terms are defined in 18 U.S.C. § 1951, that is, the defendant obtained approximately $16,650 in United States currency, the property of Victim 1, with Victim 1's consent induced by the wrongful use of fear, including fear of economic loss.

18 U.S.C. § 1951

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offense alleged in Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One, the defendant,

**JOY SAIF CHOUDHURY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property which constitutes, or is derived from, proceeds obtained directly or indirectly, as a result of such offense, including, but not limited to, a forfeiture money judgment in the amount of at least $16,650 in U.S. currency.

### Substitute Assets

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek L. Barron_ /bmm
Erek L. Barron
United States Attorney

**SIGNATURE REDACTED**
Foreperson

Date:   January 25, 2023

4